FILED
Jan 31, 2022
03:22 PM(CT)
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT JACKSON

| | | |
|---|---|---|
| **ROBERT GREVE,** | ) | **Docket No. 2018-07-0621** |
| Employee, | ) | |
| v. | ) | |
| **SOUTHERN INTEGRATED** | ) | |
| **SERVS.,** | ) | **State File No. 55332-2018** |
| Employer, | ) | |
| and | ) | |
| **BRIDGEFIELD CASUALTY INS.** | ) | |
| **CO.,** | ) | **Judge Allen Phillips** |
| Carrier. | ) | |

---

## EXPEDITED HEARING ORDER FOR MEDICAL BENEFITS
### *Decision on the record*

---

This is the second Expedited Hearing at which Mr. Greve requested that the Court order Southern to pay for a neck surgery. At the first hearing, Southern argued the requested surgery was not medically necessary. For the following reasons, the Court now holds Mr. Greve is entitled to the requested surgery.

### History of Claim

On July 20, 2018, Mr. Greve lifted a piece of iron and felt pain in his neck and left shoulder and arm. He sought treatment on his own from orthopedic surgeon Dr. Raymond Gardocki, who obtained an MRI that revealed a herniated disc at the C6-7 level. Dr. Gardocki recommended an anterior cervical discectomy and fusion (ACDF) surgery at these C5/6 and C6/7 levels.

Southern then provided a panel of physicians, from which Mr. Greve chose orthopedic surgeon Dr. Samuel Murrell. He agreed with Dr. Gardocki that the MRI showed a problem at the C 6/7 level. Dr. Murrell also performed additional testing. He testified in his first deposition that the MRI and his test findings were "consistent" with Mr. Greve's

1

symptoms. Further, when asked if the need for surgery was "related" to the work incident, Dr. Murrell replied, "I felt it was given the history and the records provided."

Southern requested a Utilization Review of Dr. Murrell's surgery recommendation from orthopedic surgeon Dr. Robert Greenberg. He wrote in a report that the ACDF procedure was neither medically necessary nor appropriate based on his review of Mr. Greve's records. Dr. Greenberg extensively quoted the ODG[1] guidelines as to why the ACDF did not meet the criteria supporting the procedure.

Dr. Murrell disagreed with Dr. Greenberg. He stated his understanding that Dr. Greenberg does not perform spinal surgery and did not review all of Mr. Greve's records. In an office note, Dr. Murrell wrote without elaboration that Dr. Greenberg cited "indications from the DG [sic] guide which are not relevant but appear to be a cut and paste process for generic indications." In his first deposition, Dr. Murrell maintained his disagreement with Dr. Greenberg and said he would perform the surgery if Mr. Greve still had the same complaints and wanted to proceed.

Southern also obtained an evaluation from orthopedic surgeon Dr. Bret Sokoloff, who believed Mr. Greve's condition was "primarily degenerative in nature." He said the pre-existing disease "may have been aggravated by heavy lifting," but the aggravation was "not > 51%" related. He thought the surgery should be covered under Mr. Greve's regular insurance.

Southern obtained another evaluation from neurosurgeon Dr. Laverne Lovell, who agreed with Dr. Sokoloff that Mr. Greve had degenerative changes. Moreover, Dr. Lovell did not believe the MRI findings were severe enough to cause Mr. Greve's arm pain and that Dr. Murrell's findings on the other testing he ordered were unrelated to the problems seen on the MRI. Dr. Lovell concluded Mr. Greve did not sustain a work-related injury and did not need surgery.

The parties presented that medical evidence at the first Expedited Hearing, and Mr. Greve testified. He said he was "getting worse" and wanted Dr. Murrell to perform surgery. He argued Dr. Murrell's opinion, as a panel physician, was presumed correct under Tennessee Code Annotated section 50-6-204(a)(1)(H) (2021) and that section 204(a)(1)(I) required Southern to rebut the presumption by clear and convincing evidence. He contended Southern's evidence did not meet this standard of proof.

Southern agreed it was required to rebut the presumption of correctness by clear and convincing evidence and claimed it did. It relied on Dr. Greenberg's opinion that the surgery did not comply with the ODG guidelines; Dr. Sokoloff's opinion that the need for surgery was unrelated to the injury; and Dr. Lovell's opinion that surgery was unnecessary.

---

[1] "ODG" refers to ODG Guidelines published by the Work Loss Data Institute. "Any utilization review of treatment must apply the ODG Guidelines . . . in determining whether treatment is medically necessary[.]" Tenn. Comp. R. & Regs. 0800-02-25-.03 (2018).

After the first Expedited Hearing, the Court found, contrary to the parties' focus on the presumption, that the dispositive question was whether Dr. Murrell's testimony was sufficient to show the work contributed more than fifty percent to the need for surgery. The Court found it was insufficient because Dr. Murrell testified only that the surgery was "related" to the work, not that the work contributed more than fifty percent to the need for surgery. *See Joiner v. UPS*, 2018 TN Wrk. Comp. App. Bd. LEXIS 54, at *23 (Sept. 24, 2018). Thus, the Court held Mr. Greve did not show he likely would prevail at trial and denied his request for surgery.

After that denial, Mr. Greve deposed Dr. Murrell again. At that deposition, Mr. Greve's counsel asked Dr. Murrell to read the statutory definition of injury in Tennessee Code Annotated section 50-6-102(14)(A)-(D). Counsel then asked Dr. Murrell to read Mr. Greve's description of his injury from his deposition, specifically that his pain began when lifting a piece of iron. Counsel then asked Dr. Murrell the questions below, to which he gave the following answers:

- "Do you have an opinion as to whether or not that incident that's described fits in the definition of accidental injury that you just read from the Tennessee Code Annotated?"

  "*[I]t would fit in that it does describe the specific event.*"

- "Do you have an opinion . . . whether that injury that he described was the primary cause for the findings of that MRI?"

  "*I don't have another reason to or another event to assign to that finding.*"

- "And so is it your opinion that that incident, lifting that channel iron, was more than 50 percent the cause of the herniated disc he sustained and that is shown by the MRI?"

  "*I believe so.*"

- "And is it your opinion to, within a reasonable degree of medical certainty as defined by the Tennessee Code Annotated 50-6-102, that the anterior cervical discectomy and fusion that you've recommended at two levels is reasonable and necessary and causally connected to the lifting incident that is described in his deposition?"

  "*I believe so and know of no other incident that led to that.*"

Counsel asked Dr. Murrell if his surgery recommendation was "the last resort" under the ODG Guidelines, recommended only after conservative treatment failed, and Dr. Murrell replied it was.[2]

On cross-examination, Southern had Dr. Murrell confirm that Mr. Greve had degenerative changes in his cervical spine, not just a herniated disc. Southern then asked Dr. Murrell whether, in light of those degenerative changes, he could say to a reasonable degree of medical certainty if the need for surgery was related to the injury. Dr. Murrell said it was his "understanding . . . that [Mr. Greve] wasn't having symptoms beforehand; that afterwards he did have symptoms" and, based on testing, there "does appear to be some sort of change or advancement." He said that he "believed" that change or advancement was more than fifty percent responsible for the need for surgery. He elaborated that his opinion was formed "[i]n the absence of you giving me some, you know, new information that suggests there is something else that, that led to that or that he didn't have an injury."

After deposing Dr. Murrell, Mr. Greve requested this Expedited Hearing and asked for a decision on the record. Southern did not object. The Court then entered a Docketing Notice giving the parties time to submit additional evidence or argument.

Mr. Greve submitted Dr. Murrell's second deposition and a brief, in which he argued that Dr. Murrell had now provided an opinion that the need for surgery was greater than fifty percent related to his work injury. He contended the other medical evidence did not rebut that opinion by a clear and convincing standard.

Southern submitted a brief in which it relied on the same medical evidence as before and reiterating its argument that it rebutted the presumption attached to Dr. Murrell's opinion under either a clear and convincing standard or a preponderance standard.

**Findings of Fact and Conclusions of Law**

Mr. Greve must prove he likely would prevail at a hearing on the merits that the work incident caused the need for the surgery. Tenn. Code Ann. § 50-6-239(d)(1).

At the first Expedited Hearing, the Court found that the result turned on Dr. Murrell's insufficient causation opinion. Here, the Court finds Dr. Murrell's opinion expressed in his second deposition is sufficient. He testified that the work incident Mr. Greve described contributed more than fifty percent in causing the need for the recommended surgery.

---

[2] Southern objected to Mr. Greve exhibiting Dr. Gardocki's records to Dr. Murrell's deposition on grounds that Dr. Murrell did not rely upon the records in formulating his opinions. Given the basis for its holding, the Court need not address the objection.

However, this finding does not end the inquiry. Unlike at the first hearing, the Court must now determine if Southern rebutted the presumption of correctness attached to Dr. Murrell's opinion under section 50-6-204(a)(1)(H) through the opinions of the other physicians.

In so doing, the Court first must determine the standard by which Southern must rebut the presumption. In *Morgan v Macy's*, 2016 TN Wrk. Comp. App. Bd. LEXIS 39, at *17-18 (Aug. 31, 2016), the Appeals Board held the presumption may be rebutted under two potential standards. First, if the authorized physician recommended treatment but did not explicitly follow the ODG Guidelines, then the employer need only rebut the presumption by a preponderance of the evidence. But, if the authorized physician explicitly follows the Guidelines, then the employer must rebut the presumption by clear and convincing evidence.

Dr. Murrell said his surgical recommendation followed the ODG Guidelines, but he offered no supporting testimony other than saying surgery was the last resort. The Court finds that testimony is insufficient to show that Dr. Murrell followed the ODG Guidelines, and it holds Southern must only rebut the presumption by a preponderance of the evidence.

Turning to whether Southern did so, it is well-established that a trial judge has the discretion to determine which testimony to accept when presented with conflicting expert opinions. *Smith v. TrustPoint Hospital, LLC*, 2021 TN Wrk Comp App Bd LEXIS 1, at *20 (Jan. 6, 2021). Thus, the Court must choose which view to believe and is allowed, among other things, to consider the qualifications of the experts, the circumstances of their examination, the information available to them, and the evaluation of the importance of that information by other experts. *Id.* at *21.

Applying those factors, the Court finds nothing that elevates the qualifications of any of the experts over the others.

As to the circumstances of their evaluations, the Court finds Dr. Murrell had the most contact with Mr. Greve. "It seems reasonable that the physicians having greater contact with [an employee] would have the advantage and opportunity to provide a more in-depth opinion, if not a more accurate one." *Bass v. The Home Depot U.S.A., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 36, at *14 (May 26, 2017). Thus, this factor supports Dr. Murrell's opinion.

As to information available, all the physicians had access to the same information, elevating none of them above the others.

Regarding the fourth factor, the importance of the information to other physicians, the Court considers that Dr. Greenberg did not believe the ODG Guidelines supported the surgery recommendation. Conversely, Dr. Sokoloff agreed Mr. Greve needed surgery but

disagreed as to why. Notably, his opinion that the aggravation of Mr. Greve's degenerative condition by his work was not greater than 51% is an incorrect standard. Dr. Lovell believed Mr. Greve was not injured and did not need surgery.

The Court finds this last factor the most important in its analysis. Dr. Murrell was made aware of all of the other physician's opinions but maintained he would perform the surgery if Mr. Greve's condition remained the same. Moreover, Dr. Murrell saw Mr. Greve more often, performed more testing, and was the only physician who attached importance to the fact that Mr. Greve had no problems before the work incident.

The Appeals Board noted in *Smith* that a court should consider the above factors, among "other things." Tennessee law has long held that the employee's own assessment of his physical condition and resulting disability is competent testimony not to be disregarded. *Orrick v. Bestway Trucking, Inc*., 184 S.W.3d 211, 217 (Tenn. 2006). Mr. Greve testified at the first hearing that his problems began when he lifted the iron. This history is consistent with Dr. Murrell's opinion, and he pointed out that Southern did not provide any countervailing history to consider.

Based on these findings, the Court holds Mr. Greve likely would prevail at trial that the surgery is medically necessary and causally related to his injury. Because Dr. Murrell said he would perform surgery if Mr. Greve has the same complaints, the Court orders that Southern provide a return appointment with Dr. Murrell.

### IT IS, THEREFORE, ORDERED AS FOLLOWS:

1. Southern shall authorize a return appointment with Dr. Murrell. If Dr. Murrell believes the surgery remains necessary, Southern shall pay for it.

2. The Court sets a Status Hearing on **Monday, April 25, 2022, at 9:00 a.m. Central Time**. The parties must call 731-422-5263 or toll-free at 855-543-5038 to participate in the Hearing. Failure to call might result in a determination of any issue without the party's participation.

3. Unless an interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit by email at WCCompliance.Program@tn.gov.

**ENTERED January 31, 2022.**


_____Allen Phillips_____
**JUDGE ALLEN PHILLIPS**
**Court of Workers' Compensation Claims**


## APPENDIX

Exhibits
1. First Deposition of Dr. Samuel Murrell
2. Deposition of Dr. Laverne Lovell
3. Medical records of Dr. Bret Sokoloff
4. Collective medical records of Dr. Lovell, EMG report, Dr. Murrell, Utilization Review Denial, and Dr. Sokoloff report
5. Second Deposition of Dr. Murrell

Technical record
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Transfer Order
5. Notice of Expedited Hearing
6. Employee's Pre-Hearing Brief
7. Employer's Pre-Hearing Brief
8. Employer's Exhibit List
9. Employee's Exhibit List
10. Employer's Additional Exhibit List
11. Expedited Hearing Order
12. Second Request for Expedited Hearing
13. Docketing Notice
14. Employer's Objection to Dr. Gardocki's Records
15. Employee's response to Objection
16. Employer's Trial Brief for Second Hearing
17. Employee's Trial Brief for Second Hearing

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on January 31, 2022.

| Name | Via Email | Service Sent To: |
| --- | --- | --- |
| Jeffrey P. Boyd, Employee's Attorney | X | jboyd@borenandboyd.com<br>scallison@borenandboyd.com |
| Meredith Weaver, Employer's Attorney | X | meredith.weaver@petersonwhite.com<br>beverly.uphoff@petersonwhite.com |

*Penny Shrum*

**Penny Shrum, Court Clerk**
**Wc.courtcler@tn.gov**